UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN HENRY PAGE,<br><br>        Plaintiff,<br><br>  v.<br><br>INTERNAL REVENUE SERVICE, and<br>TYRONE BLANCHETTE,<br><br>        Defendants. | 3:09-CV-0030-LRH-RAM<br><br>ORDER |

    Before the court is defendants' motion to dismiss filed on April 14, 2009. Doc. #9[1]. Plaintiff John Henry Page ("Page") filed an opposition on April 30, 2009. Doc. #12. Thereafter, defendants filed a reply on May 5, 2009. Doc. #13.

    Also before the court is Page's motion for a status conference. Doc. #15.

**I.     Facts and Background**

    Page is an inmate incarcerated at the Northern Nevada Correctional Center in Lovelock, Nevada. While incarcerated, Page accidentally received a 2008 economic stimulus rebate from the Internal Revenue Service ("IRS") which was intended for another John H. Page residing in Nevada. The mistake was quickly fixed and the stimulus package was directed to the proper recipient.

    Page subsequently filed suit in federal court alleging that he was entitled to the 2008

---

[1] Refers to the court's docket number.

stimulus package and that his stimulus rebate should not have been redirected to another individual. *See* Doc. #1. Page further claims that he did not receive a refund for his 2006 federal income taxes.

## II.   Legal Standard

In considering "a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). However, a court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in a plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

There is a strong presumption against dismissing an action for failure to state a claim. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). However, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels, conclusions, and a formulaic recitation of the elements of the cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

## III.   Discussion

### a. 2008 Stimulus Rebate

In order to be eligible for a stimulus rebate, a taxpayer must have earned qualifying income during the tax year of at least $3,000. I.R.C. § 6428(b)(2)(A). However, income earned by an inmate while the inmate is incarcerated is excluded from the inmate's qualifying income for the tax year. I.R.C. § 32(c)(2)(B)(iv). Thus, an inmate's income is excluded from the minimum qualifying

level for a stimulus rebate.

Here, Page concedes that he was incarcerated during all times relevant to receiving the 2008 stimulus rebate. Therefore, any income he earned would be expressly excluded from his qualifying income so that he fails to meet the required earned income threshold. As such, Page has not shown he was eligible for the 2008 economic stimulus rebate. Accordingly, he is not entitled to relief.

**b. 2006 Tax Refund**

Page concedes in his opposition to the motion to dismiss that he received his refund from his 2006 income taxes on February 9, 2009. Thus, his allegations relating to his 2006 tax refund are moot. Accordingly, Page fails to state a claim upon which relief can be granted.

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #9) is GRANTED. Plaintiff's complaint is dismissed.

IT IS FURTHER ORDERED that plaintiff's motion for a status check (Doc. #15) is DENIED as moot.

IT IS FURTHER ORDERED that the clerk of court shall enter judgment accordingly.

IT IS SO ORDERED.

DATED this 19th day of February, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3